UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MESA UNDERWRITERS
SPECIALTY INSURANCE
COMPANY, a foreign corporation,

    Plaintiff,

v.                                            Case No.:  2:24-cv-1121-SPC-KCD

PERFORMANCE CUSTOM
CARTS & TIRES LLC, DEBORAH
BROWN, JUSTIN BROWN, and
NORA CHATHA,

    Defendants.
_____/

## OPINION AND ORDER

This matter is before the Court after review of the docket.  Because Plaintiff Mesa Underwriters Specialty Insurance Company insufficiently alleges jurisdiction, the Court dismisses the Complaint (Doc. 1) without prejudice and with leave to amend.

This is an insurance action.  Plaintiff issued Defendant Performance Custom Carts & Tires LLC ("PCC") a liability insurance policy.  Defendant PCC then modified and sold a golf cart that was involved in an accident.  J.B., a minor, was injured in the accident, and the parents have since sued Defendant PCC, among other parties involved.  Plaintiff now asks this Court

to declare that its liability policy does not cover any damages or trigger a duty to defend with respect to the underlying lawsuit.

The Court is "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The basis for jurisdiction here is unclear. Plaintiff cites the Declaratory Judgment Act, 28 U.S.C.A. § 2201. But that statute "does not itself confer jurisdiction upon federal courts." *United States v. Knowles*, 683 F. App'x 736, 737 (11th Cir. 2017). Plaintiff also mentions that the "amount in controversy is in excess of the Court's minimum jurisdictional amount of $75,000," perhaps a reference to diversity jurisdiction. (Doc. 1 ¶ 8). If Plaintiff would like to invoke the Court's diversity jurisdiction, it must make this clear.

Even assuming Plaintiff wishes to invoke the Court's diversity jurisdiction, its allegations are insufficient. The Court has diversity jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Plaintiff has not adequately alleged citizenship for two reasons.

First, a person is a citizen where she is domiciled, not necessarily where she resides. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (defining citizenship as a person's "domicile," or "the place of his true,

2

fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom[.]"). But with respect to Defendants Deborah Brown, Justin Brown, and Nora Chatha, as Guardian Ad Litem to J.B., the complaint alleges only that they *reside* in Pennsylvania and Ohio. (Doc. 1 ¶¶ 13-15). This is insufficient. Residence—without more—does not establish domicile (and in turn, citizenship). *See, e.g.*, *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Plaintiff must amend on this point.

Second, with respect to Defendant Chatha and J.B., "the citizenship of the minor and not of the next friend determines whether diversity jurisdiction exists." *H.F. by & through Whitlock v. Woodmen of the World Life Ins. Soc'y*, No. 4:18CV344-WS/CAS, 2018 WL 7297854, at *5 (N.D. Fla. Oct. 30, 2018). Plaintiff must provide J.B.'s citizenship in the amended complaint.

Accordingly, it is now

**ORDERED:**

1. The Complaint (Doc. 1) is **DISMISSED without prejudice.**
2. **On or before December 23, 2024**, Plaintiff must file an amended complaint consistent with this Order. **Failure to comply may result in further dismissal and closure without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on December 16, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record